JAMES HAWKINS APLC
JAMES R. HAWKINS, SBN 192925
GREGORY MAURO, SBN 222239
MICHAEL CALVO, SBN 314986
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile:  (949) 387-6676
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com
Michael@jameshawkinsaplc.com

Attorneys for Plaintiff Timothy Green, individually
And on behalf of all others similarly situated

WINSTON & STRAWN LLP
MICHAEL S. CHAMBERLIN (SBN 175427)
Mchamberlin@winston.com
ANNETTE SALAZAR-SHREIBATI (SBN 280769)
Ashreibati@winston.com
MATTHEW B. SEIPEL (SBN 318358)
mseipel@winston.com
333 S. Grand Ave.
Los Angeles, CA 90071
Telephone: 213-615-1700
Facsimile: 213-615-1750

Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GREEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHILLIPS 66 COMPANY, a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-9083-DSF (JPRx)<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RE RELIEF FROM LOCAL RULE 23-3 TO FILE CLASS CERTIFICATION MOTION; DECLARATION OF GREGORY MAURO**<br><br>Complaint Filed: July 23, 2018<br>Case Removed: October 22, 2018<br><br>Presiding Judge:    Dale S. Fischer<br>Magistrate Judge: Jean P. Rosenbluth |

**STIPULATION/[PROPOSED] ORDER RE RELIEF FROM LOCAL RULE 23-3**

**JOINT STIPULATION**

Plaintiff TIMOTHY GREEN ("Plaintiff") and Defendant PHILLIPS 66 COMPANY ("Defendant") (collectively, the "Parties"), through their undersigned counsel, hereby stipulate and agree pursuant to Court Order for relief from the time limits imposed by Local Rule 23-3 for Plaintiff to file his motion for class certification, subject to further modifications as agreed to by the Parties, and subject to the Court's approval;

WHEREAS: The U.S. District Court, Central District of California's Civil LR 23-3 requires a proponent of a class to file a motion for class certification within ninety days following the service of the complaint or removal of the action;

WHEREAS: This Court is empowered to vacate or continue the deadline imposed by LR 23-3 pursuant to Fed. R. Civ. P. 6(b) ("The district courts may extend many of the time periods set by the Rules.");

WHEREAS: Plaintiff filed his Complaint in the above-captioned matter on July 23, 2018 in the Los Angeles County Superior Court, Case No. BC7173777, for: (1) failure to pay minimum wages, (2)  failure to pay overtime (3) failure to provide meal periods, (4) failure to authorize and permit rest periods, (5) failure to timely pay wages, (6) failure to provide accurate itemized wage statements, and (7) for unfair competition. (*See* Declaration of Gregory Mauro ("Mauro Decl.") at ¶ 2); (*See* Dkt. No. 1-1);

WHEREAS: Defendant was served with the Summons and the operative Complaint on September 21, 2018 (Mauro Decl., at ¶ 3);

WHEREAS: on October 22, 2018, Defendant filed a Notice of Removal to the United States District Court for the Central District of California (Dkt. No. 1) (Mauro Decl., at ¶ 4);

WHEREAS: on October 29, 2018, Defendant filed their Answer to the Complaint.  (Mauro Decl. at ¶  5); (*See* Dkt. No. 10 );

WHEREAS: Plaintiff's current deadline to file his motion for class

- 1 -

certification is January 18, 2019 (Mauro Decl., at ¶ 6);

WHEREAS: several reasons exist for the Court to find good cause to vacate the ninety-day deadline imposed by LR 23-3 (Mauro Decl., at ¶¶ 7-18);

WHEREAS: the Court has yet to hold a scheduling conference or set any trial dates in this matter (Mauro Decl., at ¶ 8);

WHEREAS: formal discovery cannot be undertaken as the Parties' have not yet had a Conference of Counsel pursuant to Rule 26(f) and LR 26-1  (Mauro Decl., at ¶ 9);

WHEREAS: Unlike other motions that could be brought prior to conducting discovery, a motion for certification requires obtaining evidence outside the pleadings.  This case is no exception, as it alleges violations of California's wage and hour laws, which are certified only after substantial discovery, the most time-consuming of which includes class member interviews and a statistically-relevant sampling of documents (*e.g.*, time sheets and wage statements). Thus, the anticipated amount of necessary discovery in this complex putative wage and hour class action needed to establish the class certification requirements of Rule 23 and in consideration of the parties right to contest the appropriateness and availability of some or all of the other party's proposed pre-certification discovery, further supports the Parties' requested relief from LR 23-3 (Mauro Decl., at ¶ 11);

WHEREAS: courts in this District have routinely vacated the deadline imposed by LR 23-3.  *See Misra v. Decision One Mortgage Company*, LLC, 2008 WL 7242774, *4 (C.D. Cal. 2008); *Clark v. Time Warner Cable et al.*, 2007 WL 1334965, *1 (C.D. Cal. 2007). And the Ninth Circuit has deemed LR 23-3's 90 day timeframe to be unrealistic, obsolete, and inconsistent with the federal rules and the current class certification standards, (*see Balser v. Hain Celestial Grp., Inc.,* 640 Fed. Appx. 694, 696 (9th Cir. 2016)), as courts impose a "rigorous analysis" standard for class certification which requires significant evidence and support to determine whether Rule 23(a) has been satisfied. *See Comcast Corp. v. Behrend,*

**STIPULATION/[PROPOSED] ORDER RE RELIEF FROM LOCAL RULE 23-3**

569 U.S. 27, 33 (2012). The Ninth Circuit has also agreed and reversed a district court's decision to not extend the 90-day deadline, holding that "the bright-line of Local Rule 23-3 is incompatible with Federal Rule of Civil Procedure 23." *ABS Entertainment, Inc. v. CBS Corp*. 2018 WL 3966179, 21 (9th Cir. Aug. 20, 2018). Thus LR 23-3 stands to be incompatible with the current standards of class certification;

WHEREAS: This is the first request for any extension by the Parties regarding LR 23-3 and no prior extensions have been granted, and whereby the deadline to file Plaintiff's motion for class certification has not yet expired (Mauro Decl., at ¶ 19 );

**NOW, THEREFORE, IT IS STIPULATED** by and between the parties, through their counsel of record, subject to the Court's approval, that the time limits imposed by Local Rule 23-3 for Plaintiff to file his motion for class certification is hereby vacated and the Parties' respectfully request the Court adopt the Parties' proposed briefing schedule as follows:

1. Plaintiff's deadline to file his motion for class certification shall be due on or before August 30, 2019;

2. Defendant's opposition to Plaintiff's motion for class certification shall be due on or before October 29, 2019;

3. Plaintiff's Reply in support of his motion for class certification shall be due on or before November 28, 2019; and

4. The hearing date for Plaintiff's motion for class certification shall be determined during the March 4, 2019 scheduling conference.

**IT IS SO STIPULATED.**

**STIPULATION/[PROPOSED] ORDER RE RELIEF FROM LOCAL RULE 23-3**

1

Dated: December 14, 2018                    JAMES HAWKINS APLC

2

By: ___/s/ Gregory Mauro_____

3
                                             James R. Hawkins
                                             Gregory Mauro
4                                            Michael Calvo

5                                            Attorneys for Plaintiff
                                             TIMOTHY GREEN, individually and on
6                                            behalf of all others similarly situated

7

Dated: December 14, 2018                    **WINSTON & STRAWN LLP**

8

9                                            By: ___/s/ Annette Salazar-Shreibati___

                                             Michael C. Chamberlin
10                                           Annette Salazar-Shreibati
                                             Matthew Seipel
11
                                             Attorneys for Defendant
12

13

14

15          I attest that all signatories listed above, and on whose behalf this Stipulation

16   is submitted, have concurred in and authorized the filing of this Stipulation.

17                                            ___/s/ Gregory Mauro_____

18                                                     Gregory Mauro

19

20

21

22

23

24

25

26

27

28

**STIPULATION/[PROPOSED] ORDER RE RELIEF FROM LOCAL RULE 23-3**

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.


Dated: December 14, 2018

By: /s/ Gregory Mauro
GREGORY MAURO, ESQ.

**STIPULATION/[PROPOSED] ORDER RE RELIEF FROM LOCAL RULE 23-3**