JAMES HAWKINS APLC
JAMES R. HAWKINS, SBN 192925
GREGORY MAURO, SBN 222239
MICHAEL CALVO, SBN 314986
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile:  (949) 387-6676
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com
Michael@jameshawkinsaplc.com

Attorneys for Plaintiff Timothy Green, individually
And on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GREEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHILLIPS 66 COMPANY, a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  2:18-cv-9083-DSF (JPRx)<br><br>**DECLARATION OF GREGORY MAURO IN SUPPORT OF JOINT STIPULATION RE RELIEF FROM LOCAL RULE 23-3 TO FILE CLASS CERTIFICATION MOTION**<br><br>Complaint Filed: July 23, 2018<br>Case Removed: October 22, 2018<br><br>Presiding Judge:   Dale S. Fischer<br>Magistrate Judge: Jean P. Rosenbluth |

## **DECLARATION OF GREGORY MAURO**

I, Gregory Mauro, declare as follows:

1. I am an individual over the age of 18. I am an attorney at law licensed to practice before all courts in the State of California and am an attorney at James Hawkins, APLC, and counsel of record herein for TIMOTHY GREEN ("Plaintiff"). I submit this declaration in support of the Parties' Joint Stipulation For Relief From Local Rule 23-3. I have firsthand knowledge of the facts set forth in this declaration and, if called to do so, could testify competently to them.

2. Good Cause exists for the relief sought herein. This case is still in the early stages of litigation as Plaintiff filed his Complaint in the above-captioned matter on July 23, 2018 in the Los Angeles County Superior Court, Case No. BC7173777, for: (1) failure to pay minimum wages, (2) failure to pay overtime (3) failure to provide meal periods, (4) failure to authorize and permit rest periods, (5) failure to timely pay wages, (6) failure to provide accurate itemized wage statements, and (7) for unfair competition.

3. Defendant was served with the Summons and the operative Complaint on September 21, 2018. (Dkt. No. 1-9).

4. On October 22, 2018, Defendant filed a Notice of Removal to the United States District Court for the Central District of California (Dkt. No. 1).

5. On October 29, 2018, Defendant filed their Answer to the Complaint. (*See* Dkt. No. 10).

6. Plaintiff's current deadline to file his motion for class certification is January 18, 2019.

7. Several reasons exist for the Court to find good cause to vacate the ninety-day deadline imposed by LR 23-3.

8. The Court has yet to hold a scheduling conference or set any trial dates in this matter.

9. Formal discovery cannot be undertaken as discovery was stayed in state court and the Parties' have not yet had an in person Conference of Counsel pursuant to Rule 26(f) and LR 26-1.

10. As it currently stands, there will not be sufficient time to complete pre-certification discovery as the Parties are currently prohibited from engaging in the exchange of discovery pursuant to Federal Rules of Civil Procedure Rule 26(d). However, even though Plaintiff is diligently preparing for discovery, he will not have sufficient time to formulate a class certification motion within the deadlines imposed by LR 23-3. Therefore, good cause exists for the relief sought herein.

11. Unlike other motions that could be brought prior to conducting discovery, a motion for certification requires obtaining evidence outside the pleadings. This case is no exception, as it alleges violations of California's wage and hour laws, which are certified only after substantial discovery, the most time-consuming of which includes class member interviews and a statistically-relevant sampling of documents (*e.g.*, time sheets and wage statements). Thus, the anticipated amount of necessary discovery in this complex putative wage and hour class action needed to establish the class certification requirements of Rule 23 and in consideration of the parties right to contest the appropriateness and availability of some or all of the other party's proposed pre-certification discovery, further supports the Parties' requested relief from LR 23-3.

12. Due to the filing deadline imposed by LR 23-3, Plaintiff is unable to complete meaningful discovery in support of his motion for class certification. Further, the LR 23-3 deadline is an archaic rule and is inconsistent with Rule 23 and, therefore, obsolete. Plaintiff contends that continued enforcement of LR 23-3 violates fundamental principles of fairness and due process by precluding any assurance that plaintiffs in putative class actions can reasonably obtain pre-

DECLARATION OF GREGORY MAURO

certification discovery to use in preparation for a class certification motion that must be filed within ninety days of the pleading purporting to commence the action.

13. In a typical wage and hour class action handled by my firm (whether in state or federal court), it takes approximately one year from the date that discovery commences to file a well-briefed motion for certification. Although the specific evidence submitted in support of certification is different in each case, my firm follows controlling case law by typically submitting the following four general types of evidence, which I refer to as "pre-certification" discovery: (1) written policies and procedures concerning, for instance, compensation policies, meal periods, rest breaks, etc.; (2) sampling of time sheets and wage statements, which is then analyzed by expert witnesses who prepare expert witness reports to establish predominance of common questions; (3) deposition testimony of the employer's designee(s); and (4) declarations from class members.

14. Here, Plaintiff's action seeks to certify several causes of action on behalf of himself and all similarly situated California non-exempt production employees. *See* Complaint generally. In order to support his application and allow this Court to make determinations as to the Rule 23 certification requirements, Plaintiff is diligently preparing for discovery and intends on propounding various discovery devices, to seek, without limitation, contact information related to the identities of putative class members, employees' time records, employees' wage records, and any and all policies and procedures governing putative class members' employment.

15. After production of policy documents by Defendant, Plaintiff will take 30(b)(6) depositions. Although the number of designated corporate representatives varies case by case, the number of representatives is generally approximately two or more witnesses, typically representatives from the human

DECLARATION OF GREGORY MAURO

resources and payroll departments. Further, it can take significant time to schedule these depositions due to scheduling issues amongst the parties and deponents.

16. Regarding the production of the class member identities, this process usually tends to be a time-consuming event. Most, but not all, defendants tend to serve objections to the production of the class member identities based upon privacy, and most will not produce it without a court order after a motion to compel, despite the law clearly favoring production, thus causing delay in preparation for class certification.

17. After my office obtains the identities, it takes at least sixty days to contact a sufficient number of class members to obtain declarations in support of the class certification motion.

18. Once all pre-certification discovery has been completed, it takes approximately thirty to sixty days to prepare a well-drafted motion for certification and obtain any additional evidence that is necessary before the motion is filed. Thus, in total, a reasonable estimate for the filing of class certification is one year from the commencement of discovery.

19. This is the first request for any extension by the Parties regarding LR 23-3 and no prior extensions have been granted, and whereby the deadline to file Plaintiff's motion for class certification has not yet expired.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct, executed on this 14th day of December, 2018 at Irvine, California.

                                              /s/Gregory Mauro_____
                                              Gregory Mauro